KELLY, Judge.
Joshua Rosa appeals from his judgment and life sentence for the first-degree felony murder of thirteen-year-old Stephen Tomlinson, who died of asphyxia due to strangulation. Rosa argues that his conviction should be set aside because the merger doctrine precludes the use of aggravated child abuse as the underlying felony for a felony murder charge if a single act of abuse led to the child’s death. We disagree that the child abuse in this case was a single act and therefore affirm.
In Florida, a defendant may be convicted of first-degree murder under a premeditation theory or under a felony murder theory. See § 782.04, Fla. Stat. (2007). In this case, Rosa was charged under both theories. The case was submitted to the jury with a verdict form that gave the jury the choice of convicting Rosa of either first-degree premeditated murder or felony murder with a predicate act of aggravated child abuse. The jury convicted Rosa of felony murder.
Rosa, citing Brooks v. State, 918 So.2d 181 (Fla.2005), argues that when a single act constitutes both the child abuse and the homicide, the offenses merge, and the State is precluded from proceeding to verdict based upon the felony murder theory. In Brooks, the State pursued a felony murder theory with aggravated child abuse as the predicate offense where a child died of a single stab wound. Id. at 197-98. Because there was no separate act of abuse besides the stab wound that caused the child’s death, the court opined that the abuse merged with the homicide, and thus could not serve as the predicate felony for a felony murder conviction. Id. at 198-99.
The State argues that Brooks is distinguishable because here the evidence showed that the victim suffered more than one act of violence. We agree. The record reflects that the injuries to Tomlin-son’s neck indicated that the attacker used multiple grips or holds. While the State’s expert and the defense expert differed regarding whether the primary mode of asphyxiation was manual or forearm strangulation, both agreed that the attacker used multiple grips or holds. Tomlinson’s expert opined that there were multiple applications of “strangling force” applied to Tomlinson’s neck and the State’s expert testified that the position of the attacker’s hands changed several times and that Tomlinson’s death was caused by “more than one hold.” Other evidence showed Tomlinson suffered multiple abrasions on various parts of his body, such as his right shoulder, wrist, hip, and shin, and on his left arm and hand, which the State’s medical expert claimed, “related in some fashion to the struggle that led to [Tomlin-son’s] death.” Medical experts also opined that some of Tomlinson’s injuries were caused by someone forcefully yanking off Tomlinson’s pants and belt, or perhaps by the impact caused by Tomlinson falling or being pushed to the ground. Contusions in the muscles on Tomlinson’s back were caused by a blunt object with significant force, possibly by the attacker holding Tomlinson down with one knee, or alternatively, by Tomlinson hitting the ground.
*902 However, even without the evidence of multiple injuries, we would not necessarily conclude that this strangulation constituted a single act of aggravated child abuse. This case is analogous to Lewis v. State, 34 So.3d 183 (Fla. 1st DCA 2010), review granted, 2011 WL 171155 (Fla. Jan. 10, 2011), in which the defendant was convicted of first-degree felony murder based on aggravated child abuse in the drowning death of her seven-year-old daughter. In Lewis, the First District noted that it did not consider the act of drowning the child to be a single act of abuse. Id. at 187. In addition to rejecting the contention that the drowning was a single act of abuse, the court held that the merger doctrine did not apply even if it was a single act of abuse. Id. at 186-87.
The plain, unambiguous language of the [felony murder] statute demonstrates that the legislature intended that a defendant who kills a child during the perpetration of the crime of aggravated child abuse may be charged and convicted of both aggravated child abuse and felony murder, regardless of the number of acts of abuse which caused the child’s death.
Id. The court rejected as dicta the statements in Brooks that the State should have been precluded from invoking the felony murder doctrine where a single stab wound caused the victim’s death and that the State should have been limited to proving first-degree murder only on the theory of premeditation. Id. at 186. The First District. based its conclusion on the fact that the court ultimately affirmed Brooks’s felony murder conviction. Although we cannot agree that the language in Brooks is dicta, we do agree it appears to conflict with the plain language of section 782.04.[1] Brooks makes no reference to the statute, thus it remains unclear how the decision in that case can be reconciled with the statute.
Because of the seriousness of this issue, the First District in Lewis certified the following question to the supreme court to be one of great public importance:
WHETHER BROOKS v. STATE, 918 So.2d 181 (Fla.2005), HOLDS THAT AGGRAVATED CHILD ABUSE CANNOT SERVE AS THE UNDERLYING FELONY IN A FELONY MURDER CHARGE IF ONLY A SINGLE ACT OF ABUSE LED TO THE CHILD’S DEATH.
Because we agree that clarification on this issue is needed, we also certify the question to be one of great public importance. We find no merit to Rosa’s remaining points on appeal and therefore affirm.
Affirmed.
NORTHCUTT and WALLACE, JJ., Concur.

. Section 782.04 defines felony murder, in pertinent part, as:
(l)(a) The unlawful killing of a human being:
[[Image here]]
2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any:
[[Image here]]
h. Aggravated child abuse.